## LAWRENCE JACKSON V. STATE.

No. 26,889. March 17, 1954.

*John P. Spiller,* Houston, for appellant.

*William H. Scott,* District Attorney, and *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged by complaint and information with the offense of misdemeanor theft, and upon trial before a jury he was convicted thereof and assessed a punishment of 90 days in the county jail.

The testimony is short and shows that appellant was a porter at the Houston Country Club, and by virtue of the fact that certain sums of money had been missed at such place, the manager of the club obtained a certain number of bills of money and placed thereon a fluorescent powder that left a blue stain wherever the same might touch; that he placed seven $1 bills in a wallet after having taken the serial number of these bills. He then placed the wallet within the confines of said club. After an hour or so he discovered the wallet containing the bills was missing. He called a police officer who questioned the appellant relative to such bills. It seems that appellant had certain stains on his face and nose, and eventually he handed the wallet to the officers and they found therein the bills that were identified by the manager as those which he had placed in the wallet.

Appellant objected to the introduction of these bills in evidence because the search of the appellant was illegal. Unquestionably the appellant was placed under arrest at the time the stains on his face and nose were observed by the police officer.

In his brief appellant complains in what he calls assignments of error, the first assignment being found in his informal bill of exception which relates to the arrest of the appellant without a warrant of arrest. We think it was shown that the officer had probable cause for the search of the appellant, especially after he noticed that appellant had the same kind of blue stains on his nose and face that had been placed upon the stolen bills of money.

The second point, which is also found in an informal bill of exception, seems to relate to the claimed inadequacy of the testimony herein presented to establish the appellant's guilt in that seven $1 bills found in the appellant's possession were not properly identified as the seven $1 bills that had been placed in this wallet and left inside the club building. We think that the testimony is conclusive that the manager of the Houston Country Club identified the money that was taken from the appellant as the same money that he had placed in the wallet

and left in the building for someone to take. From the testi-mony we quote:

"Q. Where was it you saw those seven $1 bills? A. In a wal-let, Jackson showed the police.

"Q. Did you identify the bills at that time? A. Yes.

"Q. What was your method of identification? A. They were checked against the list of the numbers placed in the wallet.

"Q. And those numbers checked? A. Yes, sir."

It seems that the word "checked," as used in this instance, was intended to mean they corresponded with and were the same as the numbers placed on the bills of money in the hidden wallet.

Appellant further objected to the introduction of these bills in evidence. It was shown from the record that when these bills were identified as having been taken off the appellant, being marked in a certain manner, the appellant's attorney made the statement, "We have no objection," and the same were admitted in evidence.

We think the testimony is sufficient to show that these bills were taken from Mr. Freman, manager of the Houston Country Club, without his consent and for the purpose of converting same to the appellant's own use and benefit.

Under these circumstances, we think this cause should be affirmed, and it is so ordered.